Richard G. Stearns, UNITED STATES DISTRICT JUDGE
After the opportunity to hear from both counsel and defendant, the motion to withdraw is denied without prejudice to a revisiting of the issue by Judge Gorton should he so choose. The court understands the dilemma in which counsel finds himself and his umbrage at the public declarations made by defendant questioning his professional competence by refusing to file a particular motion.[1] Defendant, for his *549 part, states that proceeding to trial as scheduled on Thursday is in his considered best interest, that he has no interest in any further delay in proceeding with his case, that he does not want to represent himself, and that he is ready to go to trial with Mr. Grimaldi as his attorney as his best available alternative (and with whom he professes until recently to have had a good working relationship).
While Mr. Grimaldi is acting appropriately under the rules of professional conduct in seeking permission to withdraw, such permission is not automatic, particularly on the eve of trial and in instances involving court-appointed counsel. See State v. Henderson , 205 Kan. 231, 468 P.2d 136 (1970) ; M. Freedman, Lawyers' Ethics in an Adversary System 33 (1975). The motion is therefore DENIED.
SO ORDERED.

Because all filings in this matter are under seal, the court will not go into any specifics in this regard.